# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ARONA MUSSON and MICHAEL MUSSON, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 15 C 7709 |
| v. | ) ) | Judge Amy J. St. Eve |
| LAKE COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

The Court denies Defendants' Federal Rule of Civil Procedure 12(b)(6) motion regarding the newly-named Defendant Lake County Sheriff's Deputies. [25]. Defendants must answer Plaintiffs' First Amended Complaint by May 4, 2016. Parties shall file a joint proposed discovery plan by May 6, 2016. Status hearing set for June 14, 2016 is stricken and reset to May 11, 2016 at 8:30 a.m.

## STATEMENT

On December 4, 2015, Plaintiffs Arona Musson and Michael Musson, by counsel, brought a First Amended Complaint alleging that the Lake County Sheriff's Department and certain sheriff's deputies – including newly-named officers Lana Le Mons, Vincent Mariturano, Michael Kuvales, and John Jeffers – violated their constitutional rights. *See* 42 U.S.C. § 1983. Before the Court is Defendants' Rule 12(b)(6) motion to dismiss based on the two-year statute of limitations. For the following reasons, the Court denies Defendants' motion.

## BACKGROUND

According to Plaintiffs' First Amended Complaint, on August 29, 2013, Plaintiffs Michael Musson and Arona Musson were at their house located at 17385 West Dartmoor Drive in Grayslake, Illinois. (R. 10, First Am. Compl. ¶ 8.) Plaintiffs allege that Michael Musson was on the curtilage of the house when one of the Defendants, Officer Swanson, began to physically attack and detain him "in a violent, overly aggressive, and unreasonable manner and caused Plaintiff Michael Musson to suffer pain and injury." (*Id.* ¶ 9.) Plaintiffs further allege that Defendant Swanson had no probable cause – nor a valid search or arrest warrant – when he began to attack Michael Musson. (*Id.* ¶ 10.)

Furthermore, Plaintiffs assert that at some point after the attack, more officers arrived and illegally entered their house without "just cause" and continued to attack Michael Musson inside

of the house. (*Id.* ¶ 12.) In addition, Plaintiffs allege that Plaintiff Arona Musson was inside the house at the time and witnessed the officers illegally enter her home, use pepper spray, and attack her son, Michael. (*Id.* ¶ 13.) According to Plaintiffs, the officers did not have a valid search warrant, arrest warrant, or consent to enter their home. (*Id.* ¶ 14.) Also, Plaintiffs allege that there were no exigent circumstances, and the officers lacked probable cause to believe Plaintiffs were committing a crime inside the home. (*Id.* ¶ 15.)

After some time, the officers arrested both Plaintiffs. (*Id.* ¶¶ 16-17.) The officers then handcuffed and transported Michael Musson to the hospital to receive treatment for his physical injuries. (*Id.* ¶ 16.) Afterwards, the officers took Michael Musson to the Lake County Police Station and charged him with certain felony counts, including aggravated battery to a police officer. (*Id.*) According to Plaintiffs, when the officers arrested Arona Musson and took her to the police station, the officers acted in an "overly restrictive manner." (*Id.* ¶ 17.) Plaintiffs further allege that the officers falsely charged Arona Musson with felony aggravated battery to a police officer, among other charges. (*Id.* ¶ 17.) Because of these false charges, Plaintiffs allege that Arona Musson spent seven days at the Lake County Jail. (*Id.*) Plaintiffs also claim that two or more of the officers involved in the incident made false reports and false statements about what took place on August 29, 2013. (*Id.* ¶ 18.)

Moreover, Plaintiffs contend that they were not engaged in any illegal behavior on August 29, 2013, and, through their actions and conduct, Defendant Officers injured them and violated their constitutional rights. (*Id.* ¶¶ 19-21.) Specifically, Plaintiffs allege the following constitutional claims against Defendants – false arrest, unlawful search, excessive force, failure to intervene, and conspiracy. (*Id.* ¶¶ 22-46.)

**LEGAL STANDARD**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining the sufficiently of a complaint under the plausibility standard, courts "accept the complaint's well-pleaded facts as true and construe the allegations in the light most favorable to the plaintiff." *Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 997 (7th Cir. 2014).

2

"[A]lthough a plaintiff need not anticipate or overcome affirmative defenses such as those based on the statute of limitations, if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago,* 777 F.3d 885, 889 (7th Cir. 2015).

## ANALYSIS

In their motion, Defendants argue that Plaintiffs seek to improperly add four new Lake County Sheriff's Deputies to the lawsuit after the expiration of the two-year limitations period. *See Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011) ("In Illinois, the statute of limitations period for § 1983 claims is two years."). To clarify, Plaintiffs filed their original pro se Complaint on August 31, 2015 concerning the August 29, 2013 incident[1] and filed, by counsel, the present First Amended Complaint on December 5, 2015, adding Defendant Officers Le Mons, Mariturano, Kuvales, and Jeffers as named Defendants. Plaintiffs, on the other hand, maintain that the allegations including the newly-named Defendants relate back to their original pro se Complaint.

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 541, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010). "Where an amended pleading changes a party or a party's name, the Rule requires, among other things, that 'the party to be brought in by amendment ... knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" *Id.* (quoting Fed.R.Civ.P. 15(c)(1)(C)). As the *Krupski* Court held, "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Id.* at 548 (emphasis in original). After *Krupski*, the "only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." *Joseph v. Elan Motorsports Techs. Racing Corp.,* 638 F.3d 555, 559-60 (7th Cir. 2011).

Here, Defendants do not address the two *Krupski* inquiries as outlined in *Joseph*, but argue that Plaintiffs cannot make the threshold showing that they committed a mistake concerning the newly-named Defendants' proper identities. As such, they do not discuss Defendants' knowledge or if their defense would be impaired by adding them as a named Defendants at this juncture. *See Joseph,* 638 F.3d at 559-60. Instead, Defendants argue that

---

[1] August 29, 2015 was a Saturday, therefore, Plaintiffs had until Monday, August 31, 2015 to timely file their lawsuit. *See* Fed.R.Civ. P. 6(a)(1)(B).

Plaintiffs – while proceeding pro se – made a conscious decision not to name the additional officers as named Defendants in the present lawsuit. *See Krupski,* 560 U.S. at 552 ("When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met.").

Plaintiffs timely filed their original "Complaint for Violation of Constitutional Rights" – without counsel – on the form provided on the Northern District of Illinois' website. In their pro se Complaint, Plaintiffs named four officers and alleged that they knew one of the officers, Detective Swanson, because he was a neighbor. (R.1, Compl. ¶ 10.) Pro se Plaintiffs further alleged that they did not know how many other officers arrived, but the "arresting officer said 'there are 50 cops here.'" (*Id.*) Construing Plaintiffs' pro se allegations liberally, *see Smith v. Dart,* 803 F.3d 304, 309 (7th Cir. 2015), their initial Complaint indicates that more than the originally named officers were at the scene and involved in the August 29, 2013 incident.

Moreover, there is nothing in the record indicating that Plaintiffs made a deliberate choice to sue certain Defendant Sheriff's Deputies involved in the August 29, 2013 incident, but not others. *See Krupski,* 560 U.S. at 549 ("making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity."). Indeed, based on the record before the Court, Plaintiffs' failure to sue the newly-named Defendants was not a well-informed, deliberate decision, but rather appears to be based on an error, misunderstanding, or misconception, especially in light Plaintiffs' pro se status until counsel filed an appearance on December 4, 2015. *See id.* at 548 ("A mistake is '[a]n error, misconception, or misunderstanding; an erroneous belief.'") (citation omitted); *see, e.g., Donald v. Cook Cty. Sheriff's Dept.,* 95 F.3d 548, 557 (7th Cir. 1996). The Court therefore denies Defendants' motion to dismiss.

On a final note, the parties agree that Plaintiffs properly added Defendant Lake County Sheriff Mark Curran for indemnification purposes only.

**Dated:** April 20, 2016

**AMY J. ST. EVE**
**United States District Court Judge**